******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROGERS, C. J., with whom, ZARELLA, J., joins, concurring. I agree with, and join in, the majority opinion's conclusions that the plaintiff, the Connecticut Insurance Guaranty Association, is not estopped from contesting its statutory obligation to satisfy the claims at issue due to the preinsolvency misconduct by Medical Inter-Insurance Exchange, the insurer of the defendant Associated Women's Health Specialists, P.C., and, further, that the relevant exclusion clause plainly and unambiguously precludes coverage for those claims. I write separately only to emphasize that, in the event that an insurance policy term is deemed to be ambiguous, the parties are entitled to present extrinsic evidence regarding the mutual intent of the insured and the insurer as to the scope of coverage, and the trial court must consider that evidence before applying the rule of contra proferentem to resolve the ambiguity in favor of the insured. In other words, the rule should be applied as a tie breaker only when all other avenues to determining the parties' intent have been exhausted.[1] See *Cruz* v. *Visual Perceptions, LLC*, 311 Conn. 93, 107–108, 84 A.3d 828 (2014); see, e.g., *Lexington Ins. Co.* v. *Lexington Healthcare Group, Inc.*, 311 Conn. 29, 59 n.20, 84 A.3d 1167 (2014); *Connecticut Ins. Guaranty Assn.* v. *Fontaine*, 278 Conn. 779, 788–89, 900 A.2d 18 (2006); *Metropolitan Life Ins. Co.* v. *Aetna Casualty & Surety Co.*, 255 Conn. 295, 306, 765 A.2d 891 (2001); see also 1 B. Ostrager & T. Newman, Handbook on Insurance Coverage Disputes (16th Ed. 2013) § 1.01 [b] and [c], pp. 14–18; 1 B. Ostrager & T. Newman, supra, § 1.05, pp. 55–56; 2 S. Plitt et al., Couch on Insurance Law (3d Ed. Rev. 2010) § 22:16, pp. 22-93 through 22-94; but see 1 New Appleman on Insurance Law, Library Edition, (J. Thomas & F. Mootz eds., 2011) § 5:02, p. 5-7.

[1] I recognize that the present case was decided on the parties' cross motions for summary judgment, and that the plaintiff, both before the trial court and on appeal, argued that the policy provision at issue was unambiguous such that resort to extrinsic evidence was unnecessary. The defendants, Susan Drown and Rodney Drown, individually and on behalf of their minor son, Joshua Drown, and Associated Women's Health Specialists, P.C., however, appended more than twenty exhibits to their summary judgment motion, and the court, after finding an ambiguity, did not discuss or analyze those exhibits before finding in favor of the defendants on the basis of contra proferentem. It therefore is unclear whether the court relied on the evidence sub silentio, disregarded it as unhelpful or otherwise incompetent, or believed that evaluating it simply was unnecessary.